**In re Anonymous No. 8 D.B. 97**

Disciplinary Board Docket no. 8 D.B. 97.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MARROLETTI, *Member,* May 17, 1999—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

A petition for reinstatement was filed by petitioner, [    ], on July 29, 1998. By order of the Supreme Court of

Pennsylvania dated April 20, 1998, petitioner was suspended from the practice of law for a period of one year and one day, retroactive to November 21, 1996.

A reinstatement hearing was held on October 8, 1998 before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Petitioner was represented by [   ], Esquire. Office of Disciplinary Counsel was represented by [   ], Esquire.

The Hearing Committee filed a report on January 6, 1999 and recommended that the petition for reinstatement be granted.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of March 10, 1999.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1964 and was admitted to practice law in Pennsylvania in 1989. Petitioner currently resides at [   ]. Petitioner is married and has a young daughter. Petitioner is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(2) From February 1, 1993 to February 29, 1996, petitioner was employed as a salaried associate attorney by the law firm of [A], in [   ].

(3) During his tenure with the firm, petitioner was individually responsible for his own billing and collection of fees, and also had sole authority for writing off time, writing off invoices, reducing time and reducing invoices, as they related to fees for services rendered.

(4) Beginning in approximately November 1994 and continuing through approximately January 1996, petitioner diverted to himself and converted to his own use, a portion of the fees he had collected on behalf of the firm.

(5) In February 1996, petitioner admitted his misconduct to the firm and offered restitution. Petitioner also agreed to resign from the firm and report himself to the Disciplinary Board.

(6) The law firm determined that petitioner owed $53,000 in restitution. Petitioner agreed to this sum and paid it in full. There is no evidence of record as to the exact amount of funds petitioner converted. Petitioner resigned from the law firm at the end of February 1996.

(7) Subsequent to his resignation, petitioner operated as a sole practitioner until September 1996. He filed a notice of voluntary assumption of inactive status with the Supreme Court and was transferred to inactive status on November 21, 1996.

(8) Petitioner was suspended from the practice of law for a period of one year and one day by order of the Supreme Court dated April 20, 1998. This suspension was made retroactive to November 21, 1996, the date of petitioner's transfer to inactive status.

(9) After petitioner's transfer to inactive status, he worked for a short period of time with the [B] Association in [   ] as a part-time fund-raiser. His position was eliminated due to a lack of funding, and he received unemployment compensation through the summer of 1997.

(10) In November 1997, he started work as a manager trainee with [C] restaurant in [   ]. He left that job in January 1998 for a higher paying job at [D] Inc., where

he is employed as a dye cast operator. He currently holds that position.

(11) Petitioner began a second, part-time job on July 1, 1998 with [E] Manufacturing in [   ], where he is employed in the maintenance department. Between the two jobs, petitioner works approximately 75 hours per week.

(12) Petitioner's suspension has greatly impacted his family and lifestyle. Petitioner lost his house in September 1997 and moved to a rental home. One vehicle was repossessed, and petitioner filed for bankruptcy in September 1997.

(13) Petitioner and his family no longer take vacations or eat out for dinner. Petitioner gave up memberships in golf and eating clubs.

(14) Petitioner and his family sought counseling to deal with the turmoil of these changes.

(15) To maintain his currency in the law, petitioner read the [   ], the [   ], and PBI manuals. He took the required amount of Continuing Legal Education credits.

(16) Two witnesses testified as to petitioner's good reputation in the community. [F], Esquire, has known petitioner since they were law clerks together during law school. [F] testified that petitioner's reputation is excellent. He is a very efficient, competent attorney who can be relied upon.

(17) [G] also testified for petitioner. [G] is the president of [E], where petitioner is employed. [G] testified that petitioner is an excellent and reliable employee.

(18) Petitioner testified that he is extremely remorseful for his misconduct. (N.T. 17.) He realizes the egre-

giousness of his actions. He bears much guilt for the impact his actions have had on his family.

(19) Office of Disciplinary Counsel does not oppose petitioner's reinstatement.

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement from a suspension of one year and one day. The sole question to be determined in this matter is whether petitioner's request for reinstatement to the bar of the Supreme Court of Pennsylvania should be granted. In order for petitioner to gain reinstatement he has the burden of proving by clear and convincing evidence, that he has the moral qualifications, competency and learning in the law required for admission to practice law, and that the resumption of the practice of law will neither be detrimental to the integrity of the bar or administration of justice, nor subversive of the public interest. Pa.R.D.E. 218(c)(3)(i).

In determining whether petitioner clearly demonstrated his present fitness to practice law, the board considers the nature of petitioner's misconduct, his present com-

petence and legal abilities, his character, rehabilitation, and the degree of remorse expressed. *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was suspended for a period of one year and one day, retroactive to November 21, 1996, after he admitted misappropriating funds from his law firm, where he was employed as an associate. Petitioner's reason for the misappropriation had to do with the loss of family income after his wife quit her job, and what he terms as his poor financial planning. The exact amount of funds taken by petitioner was never established for the record; however, the law firm decided on an amount of $53,000 as restitution. Petitioner paid this amount in full. No criminal charges were brought against petitioner.

Petitioner resigned from the law firm in February 1996. For a brief period he operated a solo practice and then voluntarily assumed inactive status in November 1996. During petitioner's suspension he has worked primarily as a laborer. He currently maintains a full-time position with [D] Inc. in [   ], and a part-time position with [E] in [   ]. Petitioner's lifestyle has changed dramatically since his suspension. He and his family lost their home and currently rent a house. One of their vehicles was repossessed. Petitioner was forced to file for Chapter 7 bankruptcy. Petitioner and his family no longer take vacations or go out to eat, and petitioner's work schedule is such that he rarely has the opportunity to spend time with his wife and young child. Petitioner and his family entered into counseling to help them deal with the upheaval in their lives.

Petitioner recognizes that his misconduct was the direct cause of these lifestyle changes, and he suffers a lot of guilt because of this. He is very remorseful and understands the egregiousness of his actions and how they have damaged his future employability. He has learned a hard lesson and is certain that he will never engage in such conduct in the future. He is looking forward to practicing law again and plans to engage in a general practice in [ ] if reinstated.

Two witnesses testified on petitioner's behalf as to his reputation in the community. Both witnesses testified that petitioner has a very good reputation. Attorney [F] testified that petitioner is legally competent and efficient and his reinstatement would not be detrimental to the community.

To maintain his currency in the law, petitioner read the [ ], the [ ], and PBI manuals. He took the required Continuing Legal Education credits.

Petitioner engaged in serious misconduct which was addressed by the Supreme Court with a suspension of his license to practice law for one year and one day. Petitioner has served his term of suspension and has rehabilitated himself and demonstrated by clear and convincing evidence that he has the requisite moral character, competency and learning in the law necessary for reinstatement. It is equally clear that petitioner's resumption of the practice of law will not be detrimental to the profession or to the public interest.

The board recommends that the petition for reinstatement be granted.

526

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [   ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

### ORDER

And now, July 8, 1999, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 17, 1999, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.